IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D. BRUCE HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:18-CV- |
| | ) |
| THE ELLIS SCHOOL, ROBIN NEWHAM, | ) |
| MARGARET CONVER, JAMES | ) |
| MITNICK, and COURTNEY MUSE, | ) |
| | ) ELECTRONICALLY FILED |
| Defendants. | ) |

## **COMPLAINT**

D. Bruce Hayes, by undersigned counsel, submits the following Complaint against the Defendants.

**I. Jurisdiction**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343. This action is brought pursuant to the Americans with Disabilities Act of 1990 (ADA) and the Americans with Disabilities Amendment Act of 2008 (ADAAA), 42 U.S.C. §12101, *et. seq.,* and the Pennsylvania Human Relations Act. 43 P.S. §951, *et seq.*

2. Plaintiff has exhausted his federal and state administrative remedies. Plaintiff filed his charge with the Equal Employment Opportunity Commission (EEOC), on or about May 5, 2016, and it was dual filed with the Pennsylvania Human Relations Commission ("PHRC"). On November 15, 2017, the EEOC issued a Right-to-Sue letter. The PHRC issued a right to sue letter on July 14, 2017. This suit is timely filed. Copies of the EEOC and PHRC Right to Sue Letters are attached hereto as Exhibits "A" and "B," respectively.

## II. Venue

3. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant regularly conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant The Ellis School in Allegheny County, which is within the Western District of Pennsylvania, at the time of the illegal actions of the Defendants set forth herein.

## III. The Parties

4. The plaintiff, D. Bruce Hayes, is an individual who resides at 2530 Boyce Plaza Road, Upper St. Clair, PA 15241. Mr. Hayes was employed by The Ellis School as Director of Operations and Finance. Mr. Hayes began his employment with The Ellis School on September 8, 2015, and was terminated on November 13, 2015, as a result of his disability as set forth herein.

5. Defendant, The Ellis School, is a private, independent school for girls located at 6425 Fifth Avenue, Pittsburgh, PA 15206. Defendant is a covered employer within the meaning of the ADA and PHRA.

6. Defendant, Robin Newham, is an individual residing within the Western District of Pennsylvania. At all times relevant, Ms. Newham was interim Head of The Ellis School, and in that capacity substantially aided and abetted the discriminatory acts, as set forth herein.

7. Defendants Margaret Conver, James Mitnick and Courtney Muse are individuals residing within the Western District of Pennsylvania. At all times relevant, these individuals served as Board members of The Ellis School and substantially aided and abetted the

discriminatory acts as set forth herein. At all times relevant, Ms. Muse served as President of the Board. Mr. Mitnick served as Treasurer when Mr. Hayes was hired, and Ms. Conver served as Treasurer at the time he was terminated.

## IV. Factual Background

6. On August 17, 2015, D. Bruce Hayes was offered the position of Director of Operations and Finance at The Ellis School.

7. At the time he interviewed for the position, Mr. Hayes disclosed that he was scheduled for cataract surgeries in late September through early October 2015.

8. Mr. Hayes' first day of work was on September 8, 2015. On September 11, 2015, Mr. Hayes experienced a sudden, unexpected and drastic change in his vision, resulting in a substantial impairment in his ability to see. Thereafter, he would undergo multiple surgeries in order to save his eyesight, as described herein.

9. During this time, Mr. Hayes was unable to attend to his duties due to his inability to read, drive and use a computer.

10. Mr. Hayes underwent his first cataract surgery on September 23, 2015. Mr. Hayes thereafter informed Ms. Newham that his vision had not improved. Mr. Hayes underwent a second cataract surgery on October 6, 2015, and following that surgery advised Ms. Newham that he was still not able to see adequately enough to return to the office. During this time, Mr. Hayes kept Ms. Newham informed of his condition and offered to consult by phone on budget and other matters.

11. At Mr. Hayes' suggestion, his medical leave was converted from paid to unpaid effective October 10, 2015. At no time did Ms. Newham or anyone associated with Ellis address or discuss the duration of unpaid leave that Mr. Hayes needed or would be granted.

3

12. On October 15, 2015, Mr. Hayes' eye doctors referred him to a corneal specialist. When he informed Ms. Newham that he was still unable to return to work, she responded by email stating, in part, "Please don't apologize; I know how tough this is for you more than anyone." Ms. Newham made no attempt to address how long Mr. Hayes could spend on unpaid leave for medical treatment, and Mr. Hayes was never informed of the existence of any policy addressing that subject.

13. In an e-mail to Ms. Newham on October 19, 2015, Mr. Hayes provided a detailed summary of his current medical condition, stated his goal to get back to the office as soon as possible, and requested an opportunity to discuss the possibility of a return to his duties beginning with phone and e-mail communication from home.

14. Mr. Hayes informed Ms. Newham that he had been diagnosed with bilateral corneal dystrophy, a severe and chronic eye condition which causes significant and disabling visual problems requiring aggressive treatment when active.

15. Instead of discussing his request to resume work at home, Ms. Newham demanded documentation from Mr. Hayes' doctor as to the duties he could and could not perform and the accommodations necessary to perform those duties.

16. In an effort to comply with Ms. Newham's demand for information, Mr. Hayes asked Dr. Davis, one of his eye doctors, to provide a letter to Ms. Newham. Dr. Davis' November 3, 2015, letter stated that Mr. Hayes was being treated for an eye condition and that his vision should be improved within one to two weeks of his next scheduled surgery on November 12, 2015. Although Dr. Davis invited Ms. Newham to "feel free to contact me if you have any questions or concerns," Ms. Newham never contacted Dr. Davis, never advised Mr. Hayes that Dr. Davis' letter was insufficient, and never advised Mr. Hayes that an

4

accommodation in the form of a brief extension of unpaid leave for purposes of medical treatment was unreasonable or would not be granted.

17. To the contrary, Ms. Newham made no effort to communicate with Mr. Hayes other than to say, in a November 4, 2015, e-mail that she would "be in touch." Ms. Newham, however, made no effort to "be in touch" with Mr. Hayes between November 4 and his November 12, 2015, surgery.

18. Mr. Hayes underwent surgery as scheduled on November 12, 2015. At 9:03 a.m. on Friday, November 13, 2015, the morning after his surgery, Mr. Hayes e-mailed Ms. Newham to ask if she had a few minutes to talk that day. Mr. Hayes intended to tell Ms. Newham that he had been cleared to return to work the following Monday.

19. Eight minutes later, at 9:11 a.m., Ms. Newham e-mailed Mr. Hayes that his employment was terminated, effective immediately, on the grounds that Mr. Hayes failed to provide the requested documentation.

20. Ms. Newham refused to reconsider her decision even after Mr. Hayes informed her that he had been cleared to return to work the following Monday.

21. Ms. Newham's stated reasons for terminating Mr. Hayes' employment were a pretext for discrimination on the basis of disability.

22. In terminating Mr. Hayes' employment, Ms. Newham acted in concert with and at the direction of certain key Board members, including Margaret Conver, James Mitnick and Courtney Muse.

23. Defendants did not engage in any interactive process with Mr. Hayes despite Defendants' knowledge of his disability.

24. Defendants retaliated against Plaintiff for requesting a reasonable accommodation in the form of a brief extension of unpaid leave to obtain medical treatment and the ability to work from home as able.

25. As a direct result of the actions of the Defendants, Mr. Hayes suffered a loss of wages and benefits and suffered emotional distress and other non-economic damages.

## COUNT I

## D. BRUCE HAYES v. THE ELLIS SCHOOL
## VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

26. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

27. At all times material hereto, Plaintiff was a qualified individual with a disability within the meaning of the ADA, as amended by the ADAAA, as defined at 42 U.S.C. §12102(2), 29 C.F.R. §1630.2(g), in that he had a physical or mental impairment that limits one or more major life activities, had a record of such impairments, and/or was perceived and regarded by Defendants as having such an impairment.

28. Plaintiff has a disability, bilateral corneal dystrophy, a chronic medical condition which substantially limits his ability to perform the major life activity of seeing.

29. Plaintiff is a qualified individual with a disability in that he can perform the essential functions of the position of Director of Operations and Finance with reasonable accommodation.

30. Plaintiff's request for accommodation including working form home and unpaid leave for medical treatment were reasonable under the circumstances.

31. Plaintiff was subject to adverse employment action and termination, as a result of his disability and request for accommodation.

32. Defendants' unlawful employment practices caused Mr. Hayes to suffer damages including, but not limited to lost income, lost benefits, emotional distress, and other non-economic damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT II

## D.BRUCE HAYES v. THE ELLIS SCHOOL
## RETALIATION UNDER
## THE AMERICANS WITH DISABILITIES ACT

33. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

34. At all times material hereto, Plaintiff was a qualified individual with a "disability" within the meaning of the ADA, as amended by the ADAAA, as defined at 42 U.S.C. §12102(2), 29 C.F.R. §1630.2(g), in that he had a physical or mental impairment that limits one or more major life activities, and was capable of performing the essential functions of his job with reasonable accommodation.

35. Plaintiff requested the reasonable accommodation of working from home and for unpaid time off for medical treatment.

36. Defendants failed to engage in an interactive process with Plaintiff and failed to provide a reasonable accommodation.

37.     Defendants terminated and refused to rehire the Plaintiff in retaliation for exercising his protected right to request a reasonable accommodation.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT III

## D. BRUCE HAYES v. THE ELLIS SCHOOL
## VIOLATION OF
## THE PENNSYLVANIA HUMAN RELATIONS ACT

38.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

39.     Defendants' conduct as set forth herein is in violation of the Pennsylvania Human Relations Act, 43 P.S. §955, in unlawfully discharging the Plaintiff, and in failing and refusing to engage in the interactive process and to accommodate Plaintiff's disability.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT IV

## D. BRUCE HAYES v. THE ELLIS SCHOOL
## RETALIATION UNDER
## THE PENNSYLVANIA HUMAN RELATIONS ACT

40.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

41. Plaintiff requested the reasonable accommodation of working from home and for unpaid time off for medical treatment.

42. Defendants failed to engage in an interactive process with Plaintiff and failed to provide a reasonable accommodation in violation of 43 P.S. §955.

43. Defendants terminated and refused to rehire the Plaintiff in retaliation for exercising his protected right to request a reasonable accommodation.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT V

### D. BRUCE HAYES v. ROBIN NEWHAM, MARGARET CONVER, JAMES MITNICK AND COURTNEY MUSE
### AIDING AND ABETTING DISCRIMINATION AND RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

44. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

45. Plaintiff advised Ms. Newham of his disability and need for accommodation, and suffered an adverse employment action as a result of his disability, history of disability or perceived disability.

46. On information and belief, Board members Conver, Mitnick, and Muse were, by virtue of their positions aware of Plaintiff's disability and request for accommodation and despite such knowledge and awareness, authorized or directed the termination of his employment.

47. The actions of the Individual Defendants in terminating Plaintiff's employment, failing and refusing to engage in the interactive process, failing and refusing to reasonably

9

accommodate Plaintiff's disability and retaliating against Plaintiff for requesting reasonable accommodation aided and abetted the discriminatory acts of employer.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

JURY TRIAL DEMANDED

                Respectfully submitted.

                By: /s/ William James Rogers, Esquire
                     Jerry R. Hogenmiller, Esquire
                     PA I.D. No. 34260

                     William James Rogers, Esquire
                     PA I.D. No. 38990

                     THOMSON, RHODES & COWIE, P.C.
                     Firm #720
                     Two Chatham Center, 10th Floor
                     Pittsburgh, PA 15219-3499
                     (412) 316-8689
                     jh@trc-law.com
                     wjr@trc-law.com

                     Counsel for the Plaintiff

Dated: February 12, 2018

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

**To:** D. Bruce Hayes
304 Redrome Circle West
Bridgeville, PA 15017

**From:** Pittsburgh Area Office
1000 Liberty Avenue
Room 1112
Pittsburgh, PA 15222

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 533-2016-00974 | Philadelphia Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Roosevelt L. Bryant by PFS    11/15/17
Roosevelt L. Bryant,          (Date Mailed)
Director

Enclosures(s)

cc: Robin Newham
Jerry R. Hogenmiller, Esq
Katherine Koop. Esq.
Albert Lee, Esq.
W. James Rogers, Esq.


EXHIBIT A

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA): The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- The limitations from the impairment no longer have to be severe or significant for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one major life activity need be substantially limited.**
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is "episodic" (e.g., epilepsy, depression, multiple sclerosis) or "in remission" (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.



**COMMONWEALTH OF PENNSYLVANIA**
Human Relations Commission
333 Market Street, 8th Floor
Harrisburg, PA 17101-2210
(717) 787-4410 voice
(717) 787-7279 TTY
www.phrc.state.pa.us

July 14, 2017

D Bruce Hayes
304 Redrome Circle West
Bridgeville PA 15017

RE: D Bruce Hayes v THE ELLIS SCHOOL
Case No. 201700095

Dear D Bruce Hayes:

It has been one year since you filed your complaint with the Pennsylvania Human Relations Commission (PHRC). As you are aware, the U.S. Equal Employment Opportunity Commission (EEOC) has docketed and is processing your complaint. The PHRC has been holding your complaint in abeyance pending the completion of EEOC's processing of your case.

You elected to have EEOC conduct the investigation and filed your complaint with PHRC to preserve your rights under state law. Because it is more than one year since you filed your complaint with PHRC, you now have the right to file a complaint in the appropriate Pennsylvania court of common pleas. This right is provided under Section 12(c) of the Pennsylvania Human Relations Act (PHRAct), 43 P.S. Subsection 962(c). Please be advised that you are not required to file such an action in state court. If you believe that you might want to take your case to state court, we suggest that you consult a private attorney, so that your attorney may weigh the benefits of filing in state court.

It is the PHRC's intention to close your case based on the accrual of the right to file in state court and the continued assumption of investigative jurisdiction by EEOC unless you advise us that you want PHRC to keep your case open. If you do not contact PHRC in writing within 30 days of the date of this letter and request PHRC to keep your case open, it will be assumed that you want EEOC to continue to process your case and PHRC will close your case administratively.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the PHRAct to serve the PHRC with a copy of the Court complaint. This copy must be served on PHRC at the same time you file it in Court. The copy is to be sent to: Kathy Morrison, Chief Counsel, at the above listed address.

Sincerely,

Director of Enforcement

cc: Jerry R Hogenmiller, Esq.





RECEIVED JUL 17 2017 By_____

LUK 1YR